## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

THOMAS AARON FOSTER,      )
      )
      Plaintiff,     )

v.      )      Case No. 18-cv-2586-KHV-TJJ
      )
JOHNSON COUNTY FAIRBOARD, et al., )
      )
      Defendants.   )

## REPORT AND RECOMMENDATION

Thomas Aaron Foster, proceeding *pro se,* filed this action against the Johnson County Fairboard, its manager Denise King, and its President/Superintendent Jeff Bingman, alleging a violation of 28 U.S.C. § 1343 stemming from an alleged prohibition on Plaintiff renting a public facility due to a personal association.[1] This matter comes before the Court on Plaintiff's Motion to Proceed Without Prepayment of Fees (*in forma pauperis*) (ECF No. 3).

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit…[if] the person is unable to pay such fees or give security therefor."[2] To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees. The decision to grant or deny *in forma pauperis* status under section 1915 lies within the "wide discretion" of the trial court.[3]

---

[1] Compl. at 3 (ECF No. 1).

[2] 28 U.S.C. § 1915(a)(1).

[3] *Lister v. Dept. of Treas.*, 408 F.3d 1309, 1313 (10th Cir. 2005) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306-07 (11th Cir. 2004)).

Based on the information contained in his Affidavit of Financial Status (ECF No. 3-1), Plaintiff has not shown a financial inability to pay the required filing fee. Although Plaintiff is not currently employed, he claims $2,973.86 in monthly income from Veterans Administration disability benefits.[4]  Plaintiff claims total monthly expenses of $1,481.00.[5]  Because Plaintiff's monthly income exceeds his monthly expenses, the Court finds that Plaintiff has sufficient financial resources to pay the filing fee.

In addition, when a party seeks to proceed without the prepayment of fees, § 1915 requires the court to screen the party's complaint. The court must dismiss the case if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit. The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[6]  Because Plaintiff proceeds pro se, his pleadings are liberally

---

[4] Aff. Fin. Stat. at 2, ECF No. 3-1.

[5] *Id.* at 4–5.

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

2

construed.[7]  Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[8]

Here, Plaintiff alleges he "is prohibited from renting a tax-payer funded facility due to being associated with George Marriott."[9]  Plaintiff claims federal court jurisdiction under 28 U.S.C. § 1343 for violation of his civil rights, privileges, or immunities.

The undersigned concludes there is an insufficient factual basis in the Complaint to raise a right to relief above the speculative level.  By failing to adequately plead, Plaintiff has failed to state a claim upon which relief may be granted as to his claims against Defendants Johnson County Fairboard, Denise King, or Jeff Bingman.

Accordingly, the undersigned U.S. Magistrate Judge recommends that Plaintiff's motion to proceed *in forma pauperis* be **DENIED**, and that Judge Vratil **DISMISS** this action.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the recommended disposition. If plaintiff does not timely file his objections, no court will allow appellate review.

A copy of this report and recommendation shall be mailed to plaintiff by certified mail.

---

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Id.*

[9] Compl. at 3 (ECF No. 1).

3

IT IS SO ORDERED.

Dated this 6th day of December, 2018, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge